UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBRA M. PROCTOR, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )   Docket No. 05-181-B-W |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff appeals from the denial of her applications for disability insurance benefits and for widow's disability benefits,[2] raising the questions whether the administrative law judge erred in finding that she had engaged in past relevant work as a telemarketer and whether he erred in failing to make explicit findings regarding the physical and mental demands of such work. I recommend that the court affirm the commissioner's decisions.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff's arthralgia was a severe impairment but did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P of Section

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 22, 2006 pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] The administrative law judge issued two opinions, one for each application, on the same day. Record at 20-25, 33-38, which present identical findings and reasoning. I will cite only to the first decision.

404 of Title 20 of the Code of Federal Regulations (the "Listings"), Findings 3-4, Record at 24; that the plaintiff's allegations concerning her limitations were not totally credible, Finding 5, *id.*; that she had the residual functional capacity to lift up to ten pounds, to sit for at least six hours in an eight-hour workday and to stand and walk for about six hours in an eight-hour workday, Finding 6, *id.*; that her past relevant work as a telemarketer and clerk typist did not require the performance of work-related activities precluded by her residual functional capacity, Finding 7, *id.*; and that, because her impairment did not prevent her from performing her past relevant work, the plaintiff was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Findings 8-9, *id*. The Appeals Council declined to review the decision, *id*. at 11-14, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15. 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential review process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 136, 147 n.5 (1987). At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit

performance of that work. 20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

The plaintiff first contends that the administrative law judge erroneously considered her telemarketing job to be past relevant work.[3] Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 8) at 1-4. She asserts that "there is not sufficient information currently in the record to show that this job could have qualified as P[ast] R[elevant] W[ork] under the regulatory definition," *id*. at 3, because the only work history information in the record shows that she did telemarketing work between January 3 and March 23, 2000 but the corresponding entries in the earnings record "lump together all four brief jobs that she had during 2000," *id*. at 2, showing only total cumulative earnings. She goes on to contend that "[t]hose earnings averaged to just over $600.00 per month which is less than the presumptive S[ubstantial] G[ainful] A[ctivity] amount of $700 per month in effect for 2000." *Id*. She also argues that "it [is] impossible to verify that [the plaintiff] was earning at the SGA level while at that [telemarketing] job." *Id*. at 3. If the work was not substantial gainful activity as defined in the applicable regulation, she contends, it cannot be considered past relevant work under 20 C.F.R. § 404.1565(a). *Id*. at 2. She also argues that this work, having lasted fewer than 90 days,[4] cannot be considered substantial gainful activity because this job has a Specific

---

[3] At times, the administrative law judge also referred to the plaintiff's work as a clerk typist as past relevant work. Record at 37 & Findings 7-8. Counsel for the commissioner contended at oral argument that the administrative law judge's discussion at other times of the telemarketer job as the only past relevant work at issue, *id*. at 37, was due to a typographical error and that both jobs should be considered in evaluating the administrative law judge's opinion. I decline to give the commissioner the benefit of that interpretation of the record. The plaintiff should be given the benefit of the doubt as to what the administrative law judge actually decided, particularly where, as here, the decision was made at a point in the sequential review process where the plaintiff had the burden of proof.

[4] The plaintiff also suggests that "there is a distinct possibility that it was merely an unsuccessful work attempt," citing SSR 84-25. Statement of Errors at 3. This is in fact not possible, given the state of the record. The applicable regulation provides: "Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activities earnings level . . . ." 20 C.F.R. § 404.1574(c)(1). Here, where the burden of proof remained with the plaintiff, who was represented at the hearing, Record at 40, 81, there is no evidence in the record that may reasonably be construed to (*continued on next page*)

Vocational Preparation level ("SVP") of 3, which requires "more than one and up to three months to learn how to do it." *Id*. at 3. Accordingly, she concludes, "there is no way to know if she actually learned the job." *Id*. She faults the administrative law judge for not inquiring into this matter at the hearing. *Id*.

The regulation cited by the plaintiff does state, "We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). The definition of past relevant work, however, is found at 20 C.F.R. § 404.1560(b)(1): "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." Substantial gainful activity is defined at 20 C.F.R. § 404.1572 as follows:

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) *Gainful work activity.* Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

To evaluate work activity, the regulations require evaluation of earnings. 20 C.F.R. § 404.1574(a). For work done before January 1, 2001, as was the case here, earnings that average more than $700 per month demonstrate substantial gainful activity. 20 C.F.R. § 404.1574(b)(1) & Table 1. The plaintiff stated that her earnings from the telemarketing job were $8 per hour for a 40 hour week. Record at 123. This is $320 per week and well over $700 per month. Contrary to her first argument, therefore, it is clear that this job constituted substantial gainful activity as far as earnings are concerned. Her attorney conceded as much at oral argument.

---

show that the plaintiff left the telemarketing job for such a reason.

4

The plaintiff might have been more successful with her contention that the telemarketing job did not constitute substantial gainful activity because it lasted only 74 days, but Social Security Ruling 83-33 makes clear that in determining whether particular work constituted substantial gainful activity, "the primary consideration is 'earnings' derived from such services." Social Security Ruling 83-33, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 95.  In addition, the applicable regulation provides, "We will consider work of 3 months or less to be an unsuccessful work attempt if you stopped working . . . because of your impairment or because of the removal of special conditions which took into account your impairment and permitted your to work." 20 C.F.R. § 404.1574(c)(3).  Here, at a point in the sequential evaluation process where the plaintiff had the burden of proof, there is no evidence in the record that would allow the commissioner to draw the conclusion that the plaintiff left her telemarketing job because of her impairment.[5]  Indeed, the plaintiff took another full-time job three weeks after leaving the telemarketing job.  Record at 123.

The plaintiff cannot succeed with her final argument concerning telemarketing as past relevant work.  The *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991) does list the occupation of telephone solicitor (alternate title: telemarketer) as having an SVP of 3 — "Over 1 month up to and including 3 months," *id*. § 299.357-014, and the term "SVP" is "defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance" in the specified job, *id*. App. C at II.  Again, the burden of proof remained with the plaintiff on this issue and she accordingly is not entitled to an inference that she required the full three months, rather than the minimum one month, to learn to do the

---

[5] At oral argument, counsel for the plaintiff asserted that in materials filed with the Appeals Council the plaintiff stated that she had been fired from the telemarketing job.  However, in the passage he read from the record the plaintiff states, with respect to the telemarketing job, "I had to quit my job."  Record at 712.  In any event, this is information that was not before the administrative law judge. The Appeals Council stated that it considered the material submitted by the plaintiff after the administrative law judge's decision was issued and found that it did not provide a basis for changing the decision.  Record at 7-8.  This court must give that assessment (*continued on next page*)

telemarketing job.  The 74 days she spent in the telemarketing job was within the range of the SVP assigned to it and it accordingly must be assumed, in the absence of any contrary evidence, that she was able to learn to do the job within those 74 days.

The case law cited by the plaintiff is distinguishable.  In *Gump v. Barnhart*, 334 F.Supp.2d 1155 (E.D. Mo. 2004), the court observed that the "[p]laintiff's earning records do not demonstrate that either [of the jobs listed by the administrative law judge as past relevant work] was performed at a substantially gainful level," *id*. at 1163.  Here, the earnings records are to the contrary.  In *Thomas v. Apfel*, 22 F.Supp.2d 996 (S.D. Iowa 1998), the evidence provided by the plaintiff established that the plaintiff had not in fact learned to do the job that the administrative law judge had identified as her past relevant work, *id*. at 998.  Here, the plaintiff asks the court to draw an inference that is far from mandatory as to whether she was able to learn the job of telemarketer during the span of time in which she performed it, when the actual evidence on that question was available only to her.

At oral argument, counsel for the plaintiff contended that the administrative law judge had prevented the plaintiff from presenting evidence on the questions whether she had learned the telemarketing job in the 74 days she spent doing it and whether she had been forced to leave that job due to her impairments and that he had unfairly prevented her representative from cross-examining the vocational expert.  He cited page 66 of the record, where the plaintiff apparently interrupts the testimony of the vocational expert or the question of the administrative law judge and asks, "May I correct something you said?"  Record at 66.  The administrative law judge replies "No."  *Id*.  I find it difficult to assign to that single denial a refusal to allow the plaintiff to present further testimony, had she asked to do so.  It is true that the administrative law judge then immediately told the plaintiff and her representative that he was going to send the plaintiff "out for an evaluation regarding an organic

---

"great deference." *Mills v. Apfel*, 244 F.3d 1, 6 (1st Cir. 2001).  There is no evidence that the Appeals Council made the kind of
(*continued on next page*)

brain syndrome" and did not return to the vocational expert for further testimony. *Id*. It may well be, as counsel for the plaintiff suggested, that the plaintiff and her representative then reasonably believed that the hearing would be reopened after the consultant examined the plaintiff and submitted a report. However, there is no indication in the record that either of them ever asked the administrative law judge thereafter when or whether such a hearing would be scheduled. The hearing was held on April 13, 2004. *Id*. at 40. Dr. Polk examined the plaintiff on August 24, 2004, and his report was received by the Office of Hearings and Appeals on September 3, 2004. *Id*. The administrative law judge's opinion was issued on April 19, 2005. *Id*. at 38. Neither the plaintiff nor her representative contacted the administrative law judge at any time during those intervening eight months concerning the reconvening of the hearing. Under these circumstances, I am unable to ascribe reversible error to the administrative law judge's failure to allow the plaintiff's representative to cross-examine the vocational expert or to ask them whether they wished to present additional evidence.

The plaintiff's final argument, presented in somewhat cursory fashion, is that the administrative law judge "simply failed to make the required step four analysis." Statement of Errors at 4. She asserts that the administrative law judge "erred by making no discernible findings regarding the physical and mental demands of Ms. Proctor's past work as a telemarketer," thereby violating the requirements of SSR 82-62. *Id.* She also contends that the administrative law judge did not perform a "reasoned analysis of whether the claimant retains the RFC to perform the demands of the past relevant work in question." *Id.* The third and final case cited by the plaintiff in support of her first argument actually applies more to this argument. In *Nimick v. Secretary of Health & Human Servs.*, 887 F.2d 864 (8th Cir. 1989), the court held that the administrative law judge failed to solicit any evidence about the functional demands of the claimant's past relevant work and that his discussion of

---

"serious mistake" in this case that would allow review of that decision by this court. *Id*.

7

those demands lacked the specificity and full development required by applicable regulations and Social Security Rulings, *id*. at 867. The court also noted that the physical demands of the past relevant work were in fact incompatible with the residual functional capacity assigned by the administrative law judge. *Id*.

The plaintiff's assertion that the administrative law judge made no analysis at Step 4 of the sequential review process is incorrect. That analysis was remarkably terse, however. The administrative law judge noted that the vocational expert had testified that the job of telemarketer was usually performed at the sedentary level and that the plaintiff had the residual functional capacity to lift up to ten pounds, sit for at least six hours in an eight-hour work day and to stand and walk for about six hours in an eight-hour work day, Record at 23, all of which is consistent with the physical demands of sedentary work, 20 C.F.R. § 404.1567(a). The administrative law judge found that the plaintiff "could return to this occupation as generally performed in the national economy." Record at 23. SSR 82-62 allows the commissioner at Step 4 to consider either whether the claimant has the residual functional capacity to meet the physical and mental demands of a specific job that the claimant performed in the past or whether the claimant has the residual functional capacity to perform the same kind of work as the claimant did in the past as that work is customarily performed throughout the national economy. SSR 82-62 at 811. Accordingly, the fact that the administrative law judge did not question the plaintiff about the physical and mental demands of the telemarketer job as she had performed it does not require remand in this case.

I agree that the administrative law judge's Step 4 analysis in this case did not meet the requirements of SSR 82-62 that the "decision as to whether the claimant retains the functional capacity to perform past work which has current relevance . . . must be developed and explained fully in the disability decision" and that "[t]he explanation of the decision must describe the weight attributed to

the pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies." *Id*. at 812, 813. There is no finding of fact as to the physical and mental demands of the job of telemarketer as that job is customarily performed throughout the national economy. *Id*. at 813. However, counsel for the plaintiff was unable to point out at oral argument any way in which the residual functional capacity assigned to the plaintiff by the administrative law judge was in fact inconsistent with the physical and mental demands of the job as set forth in the Dictionary of Occupational Titles. Under these circumstances, the administrative law judge's error can only be described as harmless.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

9